# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                    SUPERIOR COURT DEPARTMENT
                                                DOCKET NO.:  1873CV00135

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ROBERT J. THOMPSON
       Plaintiff

                                                COMPLAINT AND DEMAND FOR
VS.                                                    JURY TRIAL

GOLD MEDAL BAKERY, INC.
       Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.  The Plaintiff Robert J. Thompson (Mr. Thompson) is a resident of 142 Atlantic Blvd., Fall River, Bristol County, Massachusetts.

2.  The Defendant, Gold Medal Bakery, Inc. (Gold Medal), is a duly organized and authorized Massachusetts corporation with a principal place of business at 21 Penn Street, Fall River, Bristol County, Massachusetts.

3.  Gold Medal Bakery at all times relevant to this Complaint employed in excess of two hundred employees.

4.  Mr. Thompson was born on December 16, 1960.

5.  Mr. Thompson was employed by Gold Medal for 37 years until he was unjustly and discriminatorily fired by the defendant on or about August 11, 2016.

6.  Mr. Thompson is married to Kimberly Thompson and they live together as husband and wife at 142 Atlantic Blvd., Fall River, Massachusetts.  They have two adult children.

7.  Mr. Thompson began working at Gold Medal in 1979 as a production worker and thereafter was regularly promoted over the years.

8.  During his thirty seven (37) years at Gold Medal, Mr. Thompson was initially promoted to production foreman, then in 1995 to production supervisor, and in 2004 to plant superintendent. In 2010 Mr. Thompson became a production technician.

9.  Over the years Mr. Thompson's duties involved a variety of tasks many of which overlapped positions.  Mr. Thompson has worked as a management employee supervising other employees, has worked in quality control, has done baking and making product, and nearly all other aspects of work in the bakery, and has performed numerous other tasks.

10. Mr. Thompson over his years of employment with Gold Medal has been certified as a baker, in defibrillation techniques, hydraulics, and received other certifications.

11. Mr. Thompson at all times relevant to this Complaint suffered from several disabilities, including osteoarthritis of his knees, bilaterally, chronic and myofascial pain syndrome, lumbar spondylosis, and degenerative disc disease and other joint injuries and ailments

12. At all times relevant to this Complaint, the defendant and its employees, servants, agents, and supervisors, knew of Mr. Thompson's disabilities.

13. In January , 2016, Mr. Thompson suffered an injury to his right knee.  He worked for several months despite the pain and discomfort in that knee but ultimately had to be treated by his physician concerning this ailment.

14. As a result of Mr. Thompson's consultation, he was referred to Dr. Michael Langworthy, an orthopedic surgeon, who specializes in knee and lower extremity injuries.

15. Dr. Michael Langworthy recommended a complete right knee replacement surgery.  After consulting with him Mr. Thompson decided upon surgery.  The surgery was scheduled for May 9, 2016.

16. Before the surgery, Mr. Thompson appropriately notified Gold Medal of his need to take time off both for the surgery and for recovery from that surgery.

17. On April 20, 2016 Mr. Thompson filed an Employee Request for Family Medical Leave Absence.  A copy of the application is attached hereto, marked as Exhibit A, and incorporated herein by reference.

18. As part of Mr. Thompson's FMLA application for leave, he also provided Gold Medal with a Certification of Health Care Provider form dated, April 28, 2016 and signed by Dr. Michael Langworthy's office.  That form is attached hereto, marked as Exhibit B, and incorporated herein by reference.  That form indicated that Mr. Thompson would be unable to work from May 9, 2016 until August 9, 2016.  It indicated that his expected date to return to work was August 9, 2016.

19. By notice dated May 31, 2016, more than three weeks after Mr. Thompson's surgery, was he informed that his FMLA leave had been approved by Gold Medal.  A copy of that notice is attached hereto, marked as Exhibit C, and incorporated herein by reference. Exhibit C is a two page document.  The second page is the defendant's FMLA leave policy.

20. Mr. Thompson underwent right knee replacement surgery on May 9, 2016, at St. Luke's Hospital in New Bedford, Massachusetts where he was admitted for several days. Thereafter he was sent for rehabilitation at Southpointe Rehabilitation Center in Fall River, Massachusetts.

21. Thereafter Mr. Thompson returned home where he followed a prescribed home physical therapy course of treatment and underwent outpatient therapy.

2

22.  Gold Medal was kept informed of Mr. Thompson's condition and recovery from surgery. After Mr. Thompson's release from the hospital and his follow-up with Dr. Langworthy he again informed Gold Medal's Human Resource Dept. that he did not expect to return to work before the August 9, 2016 date set out in Dr. Langworthy's original certification (Exhibit B).

23. Before Mr. Thompson's twelve week period of FMLA leave expired Gold Medal at all times knew that Mr. Thompson would not be returning to work before August 9, 2016.

24. On June 24, 2016 Mr. Thompson saw Dr. Langworthy in follow-up to his surgery.  At that time Dr. Langworthy rescheduled an appointment with Mr. Thompson for August 12, 2016 for further treatment and to determine if Mr. Thompson could then return to work.

25. Mr. Thompson informed the defendant that his anticipated date of return to work would be upon that appointment with Dr. Langworthy of August 12, 2016.

26. Gold Medal knew during this time before the expiration of Mr. Thompson's FMLA leave that he would not be returning to work before August 12, 2016.

27. Throughout this period of time, from Mr. Thompson's application for FMLA Leave through his surgery and thereafter he was in communication with the company's Human Resource Office and in particular Christina Marquez of that office concerning his recovery.

28. Gold Medal did not at any time seek specific information about Mr. Thompson's recovery such as restrictions on his movement or similar information. When Mr. Thompson or his wife asked whether or not the defendant wanted such information, he was told that it was not needed.

29. Dr. Langworthy canceled Mr. Thompson's scheduled appointment of August 12, 2016. His office called and informed him on or about August 9, 2016 that the appointment for the 12th had to be rescheduled because of an emergency surgery now scheduled for Dr. Langworthy.

30. Initially Dr. Langworthy's office wanted the appointment to go over to September but Mr. Thompson insisted that the appointment be sooner because he wanted to be cleared and return to work.

31. The appointment upon Mr. Thompson's insistence was made for August 17, 2016, only three business days later.

32. Over the next few days August 10 and 11, Mr. Thompson called Christina Marquez. When he and his wife spoke by telephone with Ms. Marquez on August 11th, Mr. Thompson was told he had been terminated by Gold Medal.  When Mr. Thompson asked

why he had been discharged, Ms. Marquez never gave any explanation other than to state that his FMLA leave had expired.

33. Attached as Exhibit D and incorporated herein by reference is a note from Dr. Langworthy stating that the office visit of August 12, 2016 had been rescheduled for August 17, 2016. This note is dated August 15, 2016, and was supplied to Gold Medal.

34. Gold Medal had been fully informed by Mr. Thompson since he had applied for FMLA leave that the earliest he would return to work would be August 9, 2016 and since June 24, 2016 the defendant had been informed that his appointment with Dr. Langworthy at which he expected to be cleared to return to work was August 12, 2016.

35. On or about August 15th Mr. Thompson received an undated letter postmarked August 12, 2016 from Gold Medal informing him that he had been terminated. A copy of this letter is attached hereto and marked as Exhibit E and incorporated herein by reference. This letter gives the reason for Mr. Thompson's discharge as simply that he had exhausted his FMLA leave. It also indicated that Mr. Thompson was fired because his physician's appointment had been changed until August 17th. The letter stated that he was terminated August 12, 2016.

36. The termination letter was postmarked August 12, 2016 and a copy of the envelope in which the termination letter was enclosed is attached hereto and marked as Exhibit F and incorporated herein by reference.

37. The company's Payroll Change Form dated "8/12/16" attached hereto and marked as Exhibit G and incorporated herein by reference states that Mr. Thompson was terminated because he had "exhausted FMLA".

38. Gold Medal did not make any effort to reasonably accommodate Mr. Thompson, nor did it make any effort to engage in a dialogue with him to discuss his need to be accommodated. Gold Medal never offered to put Mr. Thompson on any restricted duty nor did it offer to accommodate his position so that he might return to work.

39. The defendant did not make any effort to reasonably accommodate Mr. Thompson by extending his leave for merely five days until his August 17th appointment with his physician, nor did it reasonably accommodate him by inquiring about his medical condition and his ability to return to work at any time after his surgery until the date of his discharge and offering him any reasonable accommodation related to any restrictions.

40. Not only did Gold Medal not offer to accommodate Mr. Thompson in any way, defendant never discussed with either Mr. Thompson or his wife, or attempt to obtain information from Mr. Thompson's physicians concerning a reasonable accommodation, his ability to work light duty, the exact nature of any restrictions placed on him, nor did Gold Medal otherwise request any medical determination of his condition. Gold Medal's only concern was the date of his August appointment with Dr. Langworthy.

41. After Mr. Thompson informed Gold Medal that his appointment with Dr. Langworthy

had been changed from August 12 to August 17, the defendant requested Mr. Thompson's physician Dr. Langworthy to send a note indicating when he would next be seen. When Dr. Langworthy's office replied that the appointment was scheduled on August 17th, Gold Medal terminated Mr. Thompson.

42. Mr. Thompson's termination was completely unanticipated, unexpected and unjustified. The defendant did not offer him any opportunity to return to work with an accommodation or on light duty nor did it at any time seek to discuss any accommodation either through an extension for a short few days of his leave of absence until his August 17th appointment or his ability to return to work either with or without a reasonable accommodation.

43. Mr. Thompson believes that he could have returned to his job after his August 12th doctor's visit without any accommodations or with only minor adjustments to that job and accommodations that were reasonable and not unduly burdensome to the defendant. The defendant never engaged in any interactive dialogue concerning such accommodations.

44. Mr. Thompson's health care coverage was immediately terminated on August 14, 2016 as shown by Exhibit H, a letter from Blue Cross Blue Shield to Mr. Thompson dated August 17, 2016 indicating that his health insurance coverage had been canceled effective August 14, 2016. The effect of that cancellation has been that Mr. Thompson had to cut back on his physical therapy and has incurred medical expenses since the cancellation of his health insurance which he is now obligated to pay.

45. At the same time effective August 13, 2016 Mr. Thompson's accidental death and disability insurance as well as a life insurance policy provided by Gold Medal through Mutual of Omaha were terminated. Attached and marked as Exhibit I and incorporated herein by reference is the notice Mr. Thompson received from Mutual of Omaha concerning these cancellations.

46. Mr. Thompson has worked at Gold Medal Bakery for his entire adult life. He began his employment there when he was only 19 years old. All of his training and skills have been developed at and devoted to the defendant's service. Over the years he has been injured numerous times at work and has continued to go to work often not applying for time off or workmen's compensation benefits.

47. Since the date of his termination Mr. Thompson has sought but has been unable to find other employment.

48. Mr. Thompson has lost his health insurance which has impeded his ability to recover from his surgery and also to seek other treatment including counseling service which he has needed.

49. At all times relevant to this complaint, Mr. Thompson was a qualified handicapped person, and could have returned to work, with or without medical restrictions and certainly been able to perform the essential functions and duties of his job with reasonable accommodations or a light duty posting as provided to so many other Gold

Medal employees during the many years Mr. Thompson worked there.

50. Mr. Thompson's knee surgery and the resulting recovery from it effected his major life activities of standing, sitting, walking, squatting, stretching, reaching, and his ability to work, among other life activities.

51. As a direct and proximate result of the discriminatory actions of Gold Medal Mr. Thompson has suffered damages including a substantial loss of income and earning capacity, the loss of his employment benefits, including his health insurance, life insurance, disability insurance, and 401K Plan. He has also incurred medical expenses because of the loss of his health insurance. Since his discharge, Mr. Thompson has suffered substantial embarrassment and humiliation because of these actions of Gold Medal in terminating him so abruptly, without notice, and without any discussion about his ability to return to work.

52. At all times during his employment Mr. Thompson had received very good performance evaluations. Mr. Thompson was evaluated annually and his evaluations were above average.

53. At the time of Mr. Thompson's discharge his gross salary was approximately $1,470.00 per week or $76,440.00 per year.

54. Since the time of Mr. Thompson's discharge he has suffered severe emotional distress which has caused him to seek psychological counseling. Mr. Thompson worked for Gold Medal his entire life. He had been a steadfast, loyal, and productive employee. His working life had been defined by his service to the defendant. He never expected to be discharged because of his knee surgery. He was never given an opportunity to return to work nor even discuss a return to work. As a result he has suffered severe emotional distress and serious psychological effects because of his unjust firing.

55. Mr. Thompson, as required by Chapter 151B, filed a Complaint on January 18, 2017 with the Massachusetts Commission Against Discrimination which was duly filed and processed, including the holding of an investigatory conference and other proceedings. Mr. Thompson has elected to remove his claim from the Commission Against Discrimination pursuant to M.G.L.c.151B, §9.

<u>COUNT I</u>
(For discrimination, in violation of M.G.L. c. 151B, § 4(16))

56. The allegations of paragraphs 1 through 55 of this Complaint are incorporated herein by reference and re-alleged in this Count.

57. Robert Thompson is a qualified handicapped individual as set forth in this Complaint and as defined in M.G.L. c. 151B, §1 and defendant was aware at all times relevant to this Complaint of his disabilities, which substantially limited one or more of his major life activities.

58. The defendant, knowing of Mr. Thompson's disabilities, intentionally discriminated against him because of these disabilities.

59. The defendant refused to reasonably accommodate Mr. Thompson's disabilities, and, in particular, refused to accommodate him by allowing him five more days to obtain a physician's note to return to work,  and also by never engaging in any interactive dialogue with him, his physicians, or any other persons concerning the extent of Mr. Thompson's disability and his capacity to return to work, all as described in this Complaint.

60. As a direct and proximate result of the defendant's unlawful discrimination Mr. Thompson has suffered damages, including but not limited to loss of wages, back and front; loss of employment benefits, including health insurance, retirement plan, and other insurances; suffered severe emotional distress; incurred attorney fees and costs, and has been otherwise damaged.

WHEREFORE, Robert Thompson requests judgment against the defendant, Gold Medal Bakery, Inc. for compensatory damages, including but not limited to, loss of wages, back and front; loss of employment benefits including health insurance, retirement plan, and other insurance; for severe emotional distress and humiliation; consequential damages, including medical expenses; punitive damages as provided by M.G.L. c.151B; reasonable attorney fees and costs as allowed by M.G.L. c. 151B,  and such other damages and relief as the Court deems just and proper.

<u>COUNT II</u>
(For discrimination, in violation of M.G.L.c. 151B, §4(1B))

61.    The allegations of paragraphs 1 through 60 of this Complaint are incorporated herein by reference and re-alleged in this Count.

62.    Defendant terminated Mr. Thompson on  or about August 11, 2016 because of his age.  Before and since Mr. Thompson's discharge, defendant has engaged in a pattern of firing employees over the age of forty for either no good reason or for pretextual reasons.

63.     Mr. Thompson was discharged as were other individuals over the age of forty
        discriminatorily and unlawfully because of his age.

64.     Upon information and belief, Mr. Thompson was replaced either by an individual
        substantially younger than him or his job duties were distributed among multiple
        employees substantially younger than Mr. Thompson.

65.     These actions violate M.G.L.c. 151B, §4(1B) and Mr. Thompson's termination
        from Gold Medal was a discriminatory act in violation of M.G.L.c. 151B.

66.      As a direct and proximate result of the defendant's unlawful discrimination, Mr.
        Thompson has suffered damages, including but not limited to loss of wages, back
        and front; loss of employment benefits, including health insurance, retirement
        plan, and other insurances; suffered severe emotional distress; incurred attorney
        fees and costs, and has been otherwise damaged.


        WHEREFORE, Robert Thompson requests judgment against the defendant, Gold Medal
        Bakery, Inc. for compensatory damages, including but not limited to, loss of wages, back
        and front; loss of employment benefits including health insurance, retirement plan, and
        other insurance; for severe emotional distress and humiliation; consequential damages,
        including medical expenses; punitive damages as provided by M.G.L. c.151B; reasonable
        attorney fees and costs as allowed by M.G.L. c. 151B,  and such other damages and relief
        as the Court deems just and proper.


                                      COUNT III

                          (FMLA  29 U.S.C. §§ 2601 et. seq.)

67.     The allegations of paragraphs 1 through 66 of this Complaint are incorporated
        herein by reference and re-alleged in this Count.

68.     The defendant violated the Family Medical Leave Act (FMLA) 29 U.S.C., §2601
        and its related provisions by those actions  set forth in this Complaint, and, in
        particular, by adopting a policy stating:

            "An employee failing to return to work on the scheduled return date after an
               FMLA leave will be considered to have voluntarily resigned"
                          (See exhibit C, page 2.)

69.     The defendant violated sections 2615 (a)(1) and (2) of the FMLA by discharging
        Mr. Thompson on the grounds that his FMLA leave requested in May, 2016,
        had expired and that on the facts of this case and by company policy, Mr.
        Thompson was discharged because of an unlawfully discriminatory company
        policy that required an employee who was unable to return upon the exhaustion of
        FMLA leave to "voluntarily resign".

                                         8

70.   The defendant thereby wrongfully used the FMLA to discharge Mr. Thompson, treating his exhaustion of leave as a "voluntary resignation". The Defendant's violations of the Family Medical Leave ( FMLA) were willful and it acted with reckless disregard knowing that its conduct was prohibited by 29 U.S.C. §2601 and its related provisions and federal regulations issued pursuant to those statutes

71.   As a direct and proximate result of the defendant's violations of the FMLA, Mr. Thompson has suffered damages, including but not limited to loss of wages, front and back; loss of employment benefits, including health insurance,  retirement plan, and other insurances; has incurred medical expenses; and is entitled to recovery of his reasonable attorney fees and cost of this litigation together with interest; further Mr. Thompson seeks liquidated damages provided by 29 U.S.C. § 2617.

72.   Plaintiff also prays that the Court order that the company policy described above and which by its terms results in an improper and unlawfully discriminatory "voluntary resignation" by any employee, and in this case Mr. Thompson, who exhausts his FMLA leave, be declared null and void and that the Court order such provisions of Gold Medal's employment policies rescinded and voided and that appropriate damages be ordered for this violation. (See Exhibit C, page 2).

WHEREFORE, Robert Thompson requests judgment against the defendant, Gold Medal Bakery, Inc. for compensatory damages, including but not limited to, loss of wages, back and front; loss of employment benefits including health insurance, retirement plan, and other insurance; consequential damages, including medical expenses; punitive damages and liquidated damages; reasonable attorney fees and costs as allowed by 29 U.S.C. § 2601, and its related provisions, and seeks such other damages and relief as the Court deems just and proper.

<u>COUNT IV</u>
(Americans with Disabilities Act, 42 U.S.C., §§12101,et. seq.)

73.   The allegations of paragraphs 1 through 72 of this Complaint are incorporated herein by reference and re-alleged in this Count.

74.   The defendant terminated Mr. Thompson's employment discriminatorilly on or about August 11, 2016 because of his disabilities and said actions described herein violate 42 U.S.C. §§12101et. seq., the Americans withDisabilities Act, as amended.

75.   As a direct and proximate result of the defendant's unlawful discrimination, Mr. Thompson has suffered damages, including but not limited to loss of wages, back and front; loss of employment benefits, including health insurance, retirement plan, and other insurances; suffered severe emotional stress; incurred legal fees and costs, and has been otherwise damaged.

WHEREFORE, Robert Thompson requests judgment against the defendant, Gold Medal Bakery, Inc. for compensatory damages, including but not limited to, loss of wages, back and front; loss of employment benefits including health insurance, retirement plan, and other insurance; has suffered severe emotional distress and humiliation; consequential damages,including medical expenses; punitive damages and reasonable attorney fees and costs as allowed by 42 USC § 12101, and its related provisions, and seeks such other damages and relief as the Court deems just and proper.

COUNT V<br>(Age Discrimination in Employment Act, 29 U.S.C.§§621 et seq.)

76.     The allegations of paragraphs 1 through 75 of this Complaint are incorporated herein by reference and re-alleged in this Count.

77.     The defendant's actions described in this case violated the Age Discrimination in Employment Act of 1987 as amended, 29 U.S.C. §§621 et seq., because Mr. Thompson was discriminatorily terminated on or about August 11, 2016 because of his age as set forth herein.

78.     As a direct and proximate result of the defendant's unlawful discrimination Mr. Thompson has suffered damages, including but not limited to loss of wages, back and front; loss of employment benefits, including health insurance, retirement plan, and other insurances; suffered severe emotional stress; incurred legal fees and costs, and has been otherwise damaged.

WHEREFORE, Robert Thompson requests judgment against the defendant, Gold Medal Bakery, Inc. for compensatory damages, including but not limited to, loss of wages, back and front; loss of employment benefits including health insurance, retirement plan, and other insurance; has suffered severe emotional distress and humiliation; consequential damages,including medical expenses; punitive damages and/or multiple damages and reasonable attorney fees and costs as allowed by 29 USC §621 and its related provisions, and seeks such other damages and relief as the Court deems just and proper.

COUNT VI<br>(Injunctive Relief )

79.     The allegations of paragraphs 1 through 78 of this Complaint are incorporated herein by reference and re-alleged in this Count.

80.     The defendant's policy set forth in this Complaint stating that upon the expiration and exhaustion of an FMLA leave, a non-returning employee is deemed to have "voluntarily resigned" violates the Family Medical Leave Act,29 U.S.C. §§ 2601 et seq. and M.G.L. c.151B, including §4 (16), and its related provisions, and the interpretation of these statutes by Courts and administrative agencies. (see Exhibit C, page 2).

81.   Mr. Thompson requests that the Court order that the above-described policy violates these
      laws and is a discriminatory practice and order that the policy be removed from the
      employees' handbook, policy manual, or any other such document, and no longer be a
      practice engaged in by the defendant.

      WHEREFORE, Robert Thompson requests that the Court enter an injunction ordering
      the defendant, Gold Medal Bakery, Inc., to remove from its policies the " voluntarily
      resigned" language described herein at Exhibit C, page 2.

                                            Robert J. Thompson
                                            By his attorney,


                                            John R. Mitchell, Esquire
                                             BBO# 349820
                                             105 Bank Street
                                            Fall River, MA
                                            (508) 676-6000
                                            Fax 508-676-6600
                                            jrmitchlaw@gmail.com

Date: February 9,  2018

## DEMAND FOR JURY TRIAL

      Plaintiff claims trial by jury of all Counts and issues to which he has a right to
jury trial and as to all others request the court to submit the matters to the jury.

                                            Robert J. Thompson
                                            By his attorney,


                                            John R. Mitchell, Esquire

11

# EXHIBIT

# A

## Gold Medal Bakery
### Employee Request for Family/ Medical Leave of Absence
*Use if the absence is five or more calendar days*

Name Robert J Thompson          Phone 1-508-6745679

Department PLANT          Supervisor John Ferreira

Expected Starting Date or First Day Out:          Expected Ending Date or Date Returned to Work:
5 / 9 / 16          ___/___/___

FAMILY/MEDICAL LEAVE REQUEST FOR (maximum 12 weeks in any 12-month period)

Please check one:

☐ Serious health condition of child, parent or spouse
☐ Birth of a child, (for incapacity due to pregnancy or to care for employee's child after birth)
        Expected due date: _____
☐ Placement of a child for adoption or foster care
☑ Serious health condition of employee          Work related injury/illness?  ☐ Yes  ☑ No
☐ A qualifying exigency for employees with a spouse, son, or daughter or parent on active duty or in the National Guard or Reserves.
☐ To care for covered military service members (maximum 26 weeks in any 12-month period)

I acknowledge that I have received a complete copy of the Gold Medal Bakery Leave of Absence Policy, the Physician Certification form, the Fitness For Duty Certification form and the Certification for Care of Family Member. I understand that I must use these forms and comply with the procedures in these policies. I understand that all health and dental insurance will continue uninterrupted during the Family /Medical Leave provided arrangements of the amount normally deducted by payroll deduction, if applicable, have been made.

## HOW TO APPLY FOR A LEAVE OF ABSENCE:

**In order to be granted an approved Leave of Absence, unless prevented by medical emergency, you must return this completed form and your Certification of Physician or Practitioner form to Human Resources at least 15 calendar days before the start of your leave.**

You can fax forms to (508) 679-8425, mail forms to Human Resources, 21 Penn Street, Fall River, MA 02724 or hand deliver them. If we do not receive both the certification and request, you will be considered absent from work without authorization.

Employee's Signature Robt J. Thompson          Date 4/20/2016

Supervisor's Signature_____          Date_____

# EXHIBIT

# B

Fax back to 508-679.8425

## Gold Medal Bakery
## Certification of Health Care Provider
## For Employee Serious Health Condition (including Pregnancy)
## Family and Medical Leave Act

Instructions for Employee: Please fill out the employee information below and have your health care provider complete sufficient medical certification to support your request for a FMLA leave due to your own serious health condition. This paperwork is required not only to obtain or retain the benefit of FMLA protections, but to access the short term disability program. Failure to provide a complete and sufficient medical certification may result in denial of your FMLA leave request. *You have 15 calendar days to return this form to HR.*

*Employee Information:*

Employee Name __Robert Thompson__    Department __Production__

Date of birth __12/16/1960__

Instructions to the Health Care Provider: Your patient has requested leave under FMLA. Answer all applicable parts completely. Please be as specific as you can; terms such as "lifetime", or "unknown" may not be sufficient to determine FMLA coverage. Please limit your responses to the condition for which the employee is seeking leave. Please do NOT provide any family medical history or other genetic information. Please be sure to sign the form.

Provider's name and business address __Michael Langworthy, MD__

Type of Practice/Medical specialty __Orthopedics__

Telephone __508-973-2211__    Fax __508-973-1105__

Medical Facts
1. First day employee will be unable to work __5 / 9 / 16__

2. Expected or actual return to work date __8 / 9 / 16__

   If unknown, date of next appointment _____ / _____ / _____

3. Was the patient admitted for an overnight stay in the hospital or residential medical care facility? Yes _X_ No ___
   If so, dates of admission __5 / 9 / 16__

4. Is/was treatment required two or more times or a regimen of continuing treatment under supervision by a health care provider required?    Yes _X_ No _____

5. Was medication, other than over the counter medication required? Yes _✓_ No ____ As of 5/9/16

6. Was the patient referred to other health care providers for evaluation or treatment, for instance physical therapy?    Yes _✓_ No _____

   If so, state the nature of such treatments and expected duration of treatment:
   PT & OT   Approx 2-3 months

HR/FMLA/Certification of Health Care Provider - Rev. 2013.08.21.docx

Fax back to 508-679.8425

7.  Is the medical condition pregnancy?  Yes _____No_____, If so, expected delivery date _____/_____/_____

    Use the job description provided (if attached) to answer this question, otherwise use the employee's own description of his/her job functions.

8.  Is the employee unable to perform any of his/her job functions due to the condition?  Yes _____ No _____
    If so, identify the job functions the employee is unable to perform:

9.  Describe other relevant medical facts, if any related to the condition for which the employee seeks leave (such as symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment)

10. Will the employee need to attend follow up treatment appointments on a reduced schedule because of the employee's medical condition?  Yes _____ No _____

    If so, are the treatments or the reduced number of hours of work medically necessary?
    Yes _____ No_____

    Estimate treatment schedule, if any including dates of any scheduled appointments and the time required for each appointment, including any recovery period:
        Not Scheduled yet.

11. Will the condition cause episodic flare ups periodically preventing the employee from performing his/her job functions?  Yes _____ No _____  If so, please explain:

    Based on the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare ups and the duration of related incapacity from work that the patient may have over the next 6 months.

    Frequency _____ times per _____week _____months

    Duration_____ hours or_____days per episode

    Additional Comments

    Signature of Health Care Provider_____          Date 4/28/16

# EXHIBIT

# C



**GOLD MEDAL**
Since *Bakery* 1912

_5_ / _31_ / _2016_

Robert Thompson
142 Athletic Blvd.
Fall River, MA 02724

Dear Robert,

This letter is to confirm that Gold Medal Bakery is designating your requested leave of absence, beginning _5_ / _9_ / _16_ as a leave under the Family and Medical Leave Act ("FMLA Leave") based on the information you shared with us verbally. Consistent with the FMLA, Gold Medal Bakery will hold open your position or an equivalent position until your medical or family condition is resolved so that you can return to work, but no longer than 12 weeks in a 12 month period measured forward from the date the leave began.  To care for covered military service members, the maximum leave is 26 weeks in any 12 month period.

You must submit the Employee Request for Family/Medical Leave of Absence and Certification of Health Care Provider forms at least 15 calendar days before the start of your leave, unless prevented by medical emergency.  **Failure to turn these two forms in within 15 calendar days will delay short term disability and vacation pay, if you are eligible and will result in denial of your leave.**

During an approved FMLA leave, if you do not have short term disability coverage, you must exhaust your vacation time during your leave.  If you have short term disability coverage, you must exhaust that coverage and then must exhaust your vacation time during your leave.   You must also insure that your medical/dental/voluntary life/short term disability/long term disability weekly premium payments are made during the time you are out.  If you are receiving short term disability from the company or vacation pay, weekly deductions for these benefits will continue to be made.  If you are not, you must mail the weekly premiums to Gold Medal Bakery so that your coverage will not be interrupted.  If your premium is more than 30 days late, Gold Medal Bakery has the right to cancel your coverage. In the event you do not return to work following your leave, you will be required to reimburse Gold Medal for the unpaid premiums made on your behalf.

If your leave of absence is due to your own serious health condition, you are required prior to your return to work to submit a Fitness for Duty Certificate from your health care provider indicating that you are cleared to return to work full duty. Light duty work is not available for non-work related injuries or illnesses.   Please review the attached copy of Gold Medal Bakery's FMLA policy for more detailed information. Should you have any questions, please do not hesitate to call me at 1-800-642-7568, extension 330.

Sincerely,

*Christina Marquez*
Christina Marquez
Human Resources



21 Penn Street · Fall River · MA 02724          Tel: 508.674.5766 · Fax: 508.674.6090

## FAMILY AND MEDICAL LEAVE ACT

### Length of Leave/Reasons for Leave

A Family and Medical Leave Act (FMLA) leave of up to 12 weeks in a 12-month period (measured forward from the date any FMLA leave begins) is required for any of the following reasons:

• The birth or adoption of a child or the placement of a foster child with the employee, or to care for the employee's child during the first 12 months after birth or placement.

• The serious health condition of an employee's spouse, child, or parent.

• Serious health condition of an employee (including work-related injuries that meet the definition of a serious health condition) that causes the employee to be unable to perform the functions of his or her position.

### Military Family Leave Entitlements

Eligible employees with a spouse, son, daughter or parent on active duty or called to active duty status in the National Guard or Reserves in support of a contingency operation may use their 12 week leave entitlement to address certain qualifying exigencies. Qualifying exigencies may include attending certain military events, arranging for alternative childcare, addressing certain financial and legal arrangement, attending certain counseling sessions, and attending post-deployment reintegration briefings. FMLA also includes a special leave entitlement that

permits eligible employees to take up to 26 weeks of leave to care for a covered service member of the Armed Forces, including a member of the National Guard or Reserves, who has a serious injury or illness incurred in the line of duty on active duty that may render the service member medically unfit to perform his or her duties for which the service member is undergoing medical treatment, recuperation, or therapy; or is in outpatient status; or is on the temporary disability retired list.

### Eligible Employees

Employees who have been employed for at least one year and completed at least 1,250 hours of service during the 12-month period immediately preceding the beginning of leave may qualify for an FMLA leave. FMLA leave is unpaid.

### Notice and Designation of Leave

Unless the need for an absence is not foreseeable (e.g., an emergency medical situation), a request for an FMLA leave of absence must be submitted in writing and supported by appropriate documentation (including a physician's letter indicating the need for the employee's absence and the anticipated date of return) at least 30 days before the commencement of the leave. Appropriate forms are available in the Human Resources Department.

The request for a FMLA leave is subject to the approval of the appropriate Supervisor and the Human Resources Department. If the leave is because of a serious health condition, medical certification by the treating health care provider must be provided, and Gold Medal may require a second opinion from a health care provider designated and paid for by Gold Medal.

### Use of Vacation during FMLA Leave

Available vacation time, earned and accrued during the prior year must be used during an approved FMLA leave after exhausting short term disability benefits. Additional vacation and holiday time will not accrue during the unpaid portion of the FMLA leave.

### Benefits During FMLA Leave

During an approved FMLA leave, the employee's position will be held open to the extent required by the FMLA, and Gold Medal will continue to pay its portion of the premium for the employee's medical and dental insurance coverage. The employee is expected to make timely payment of the employee contribution for medical and dental insurance coverage.

If the employee fails to return to work after the expiration of an FMLA leave, Gold Medal may recover from the employee the cost incurred by Gold Medal to continue the employee's medical and dental insurance coverage.

### Certification of Readiness to Return to Work

An employee will be expected to provide appropriate medical documentation during a leave of absence, as may be requested by Gold Medal. If an employee's FMLA leave is because of the employee's own serious health condition, the employee will be required, prior to return to work, to submit to the Human Resources Department a letter from his/her health care provider that the employee's medical condition is sufficiently resolved to permit the employee to return to work. Also, an employee will be required to be cleared by Gold Medal, and may be required to be evaluated by a physician engaged (and paid for) by Gold Medal, prior to resuming work.

### Return to Work

Absent unusual circumstances, an employee on an FMLA leave is expected to return at the end of the granted period of time, but no more than 12 weeks. An employee failing to return to work on the scheduled return date after an FMLA leave will be considered to have voluntarily resigned.

An employee returning from a FMLA leave of no more than 12 weeks will be returned to the job they held prior to the leave or to a position with equivalent pay and benefits, as long as they remain able to perform the essential functions of the position. If the leave lasts longer than 12 weeks (or the amount of FMLA time available), the employee's return cannot be guaranteed.

# EXHIBIT

# D

▨ Southcoast® Health

SOUTHCOAST PHYSICIANS GROUP
300 A Faunce Corner Road
North Dartmouth MA 02747-1280
508-973-2211


SH DARTMOUTH FAUNCE 300A
SOUTHCOAST PHYSICIANS GROUP
300 A Faunce Corner Road
Dartmouth MA 02747


August 15, 2016


Patient:     **Robert J Thompson**
Date of Birth: **12/16/1960**
Date of Visit: **8/15/2016**


To Whom it May Concern:

Robert Thompson appointment for 08/12/2016 was canceled and rescheduled by our office due to Dr.
Langworthy having to do an emergency surgery, His new appointment was made for 08/17/2016 with Dr.
Adelburg,

If you have any questions or concerns, please don't hesitate to call.


Sincerely,


Michael Langworthy MD


CC: No Recipients

# EXHIBIT

# E



## GOLD MEDAL
Since *Bakery* 1912

Christina Marquez
cmarquez@goldmedalbakery.com
800.642.7568  x330

*Via Overnight Mail*

Robert Thompson
142 Atlantic Blvd.
Fall River, MA  02724

Dear Bob:

You have been on a Family and Medical Leave Act leave of absence (FMLA Leave) since May 9, 2016. As detailed in the Employee Handbook and a letter to you dated May 31, 2016, the maximum leave of absence allowable is 12 weeks in a 12 month period. Unfortunately, you have exhausted your available leave of absence time.  In addition, your latest physician's appointment will keep you out until at least August 17, 2016.

Accordingly, your employment is terminated effective August 12, 2016. You will be eligible for COBRA, and Gold Medal will be sending you documentation on COBRA shortly. We will also be sending a check for unused and accrued vacation time due you (if any), minus any deductions.

We wish you luck in future endeavors. Should you have any questions, please do not hesitate to call me at 1-800-642-7568 extension 330.

Sincerely,

Christina Marquez
Gold Medal Bakery, Inc.
21 Penn St., Fall River, MA 02724

cc:    Sheila Finelli (via email)



# EXHIBIT

# F

GOLD MEDAL BAKERY, INC.
P.O. BOX I, SO. STATION
FALL RIVER, MASS. 02724-0391

RETURN RECEIPT
REQUESTED

7016 1370 0001 6630 0733

Robert Thompson
142 Atlantic Blvd.
Fall River, MA 02724



02 1P
0003160841
MAILED FROM ZIP CODE 02724
AUG 12 2016

# EXHIBIT

# G

## PAYROLL CHANGE FORM

Employee's Name __Bob Thompson__   Employee's # ___313___

Department __Make Up__   Dept # ___90600___

Effective Date __8/13/16__   LDW __8/12/16__

---

Rate:   From _____   To _____

Dept:   From _____   To _____

Co. Code   From _____   To _____

Position:   From _____   To _____

Military LOA:   From _____   To _____

FMLA/LOA:   From _____   To _____

---

Quit __✓__ Resigned ____ Discharged ____ Layoff ____ Rehire ____ Retired ____ Deceased ____

---

### Reason for Change

_____ Job Bid or 48/hour ask (2 yr lock in)

_____ Moved positions at our request

_____ Need reviews
30 day _____ 60 day _____ 90 day _____ 120 day _____

_____ Promotion or bid on higher paid position/equipment

| Notes |
|---|
| exhausted FMLA |

Final Check: _____ Mail _____ Pick Up

HR _Sheila Purcell_   Date __8/12/16__

| PAYROLL | |
|---|---|
| ADP _Becky_ | Date __8/15/16__ |

# EXHIBIT

# H

*Ins, Coverage Terminated Aug 14*



MASSACHUSETTS

AUGUST 17, 2016

Identification No.:   XXXXX18310000

ROBERT J.  THOMPSON
142 ATLANTIC BLVD
FALL RIVER          MA   02724-1053

Dear ROBERT J. THOMPSON:

This letter is to remind you that your eligibility for coverage has ended or is about to end. If you have already contacted us to discuss continuing your health care coverage, thank you. If you have not contacted us, please do so as soon as possible, as you may continue coverage with us through one of the following options:

- COBRA. You may be eligible for membership under Federal COBRA regulations or Massachusetts' continuation of coverage law. Ask your employer if you are eligible for this type of coverage.

- Direct Pay Plans. You may be eligible to join one of our Direct Pay Plans. With these plans, you can get the health coverage you need for a lower cost than you might have thought possible.

By law, our Direct Pay plans are available only to individuals who live in Massachusetts. However, we can assist you in obtaining health coverage information from the Blue Cross or Blue Shield office in your state. For more details, please contact our Member Service Team at **1-800-822-2700.**

We hope you will continue with a Blue Cross or Blue Shield plan, and we look forward to serving your health care needs well into the future.

Sincerely,

*Lynn A Bowman*

Lynn A. Bowman
Vice President
Member and Provider Service

Landmark Center │ 401 Park Drive│ Boston, MA 02215-3326 │www.bluecrossma.com

Blue Cross Blue Shield of Massachusetts is an Independent Licensee of the Blue Cross and Blue Shield Association   76987

# EXHIBIT

# I

Employer Access

Page 1 of 1



**Gold Medal Bakery, Inc. GoooAFWT**

Robert Thompson ●●●● 6817

# Terminate Member Confirmation

Member has been successfully terminated.

## Effective Date

Event Date for Terminating the Member and Benefits
08/12/2016

Benefit Termination Reason
Termination

## Coverage Terminations

Member is scheduled to terminate effective **08/13/2016**.

Remember to provide Robert with the conversion, portability or continuation options available with your group's benefits.

Providing the applicable form(s) with the Employer section already filled out helps streamline the process.
Find coverage continuation forms on .

**Please Note:** We do not contact your plan members following benefit termination.

| Coverage | Contract Termination Rule | Termination Effective Date |
|---|---|---|
| AD&D | On the Day | 08/13/2016 |
| Life | On the Day | 08/13/2016 |